Defendant-appellant Jody Lynn Lee appeals from her conviction and sentence, following a no contest plea, upon one count of Robbery. Trial counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, in which counsel has reviewed the facts and circumstances of this case and possible claims of error that were considered by counsel, and has concluded that there are no arguable assignments of error meriting review by this court. Counsel is to be commended for having filed an exemplary Anders
brief.
Lee has been afforded the opportunity to file her own pro se
brief, but has not done so.
This court has performed its obligation, pursuant to Andersv. California, supra, to conduct an independent review of the record, including transcripts of the proceedings in which Lee's motion for treatment in lieu of conviction was denied, her negotiated plea of no contest to one count of Robbery was accepted, and sentence was imposed. We agree with the conclusion of trial counsel. The decision of the trial court to deny Lee's motion for treatment in lieu of conviction is amply justified. Lee had previously been extended this privilege, in connection with another offense, and the offense in the case before us involved serious physical injury to the victim. Under the pretext of asking for directions, Lee grabbed the victim's purse while Lee was a passenger in a vehicle being driven by a confederate. The victim was dragged some fifty feet, with Lee's vehicle running over the victim's right arm. Under these circumstances, it arguably would have been an abuse of discretion for the trial court to have granted the motion for treatment in lieu of conviction.
We have also reviewed the plea proceeding. The trial court is to be commended for having thoroughly and patiently explained the intricacies of the potential consequences of Lee's plea under the new sentencing statute, Senate Bill 2. We find no hint of error in the plea proceedings.
Finally, we have reviewed the transcript of the sentencing proceeding, in which the trial court chose to impose a term of imprisonment of five years, which is exactly intermediate between the minimum term, two years, and the maximum term, eight years, that might have been imposed. The trial court's on-the-record explanation of its decision is exemplary, and is worth quoting in full:
 Miss Lee, the Court must or any court must take into consideration in deciding a sentence a number of different factors. One is the nature of the offense — in this case, robbery. You gained the trust of the victim by deception. You asked her for directions all under the guise of ultimately robbing her.
 She was then dragged 50 feet in the parking lot. You could have let go of that purse at any point along the way but she's dragged 50 feet thereby risking serious injury to her or even death so it's a very serious offense.
 And you and Mr. Harris left the scene unconcerned about any injuries that she may have sustained and you went to Dayton Mall and purchased, as I understand it, with credit cards belonging to the complainant cigarettes and clothing.
 I have to consider the injuries to the victim which are obviously severe and she is suffering pain to this day and will probably continue to suffer pain to her right arm caused by — and the record shall reflect caused by the car running over her right arm, torn cartilage to her knee, the injury to her shoulder and the broken tooth.
 Perhaps more significant is the psychological injury that your acts have caused this person. She used to be apparently a very trusting person and a good samaritan and she was acting as a good samaritan on this day. She'll never be a good samaritan again because you've destroyed this faith that she had in people and that's really unfortunate.
 And I take into consideration your record and I think your record is kind of a double-edged sword. In one respect, it is certainly against you the fact that this is not your first criminal offense. You have a misdemeanor disorderly conduct in 1991. You have no felony convictions although you received treatment in lieu of conviction in 1994 for receiving stolen property possession of criminal tools. So that's your record. You do have in your favor, and I take this in consideration. This is why the Court will not give you the maximum because I think it is significant that this is your first offense, conviction for offense of violence. And then as far as your crack addiction, it is something that you somehow, someday have to come to terms with.
 But the record should reflect that you did have an opportunity for treatment, both in-patient and out-patient, at the Center for Alcoholism and Drug Addiction Services in 1994 and 1996 according to the pre-sentence investigation report. It's not as though nobody ever attempted to address your problem. So, putting it all together, the Court doesn't believe you should receive the maximum. The Court doesn't believe you should receive the minimum.
 Court finds that the minimum sentence in this case, which would be a two-year sentence, would demean the seriousness of your conduct. Factoring everything in, the Court's sentence will be a term of five years to the Ohio Reformatory For Women.
We find no reasonably arguable claim of error. Accordingly, the judgment of the trial court is Affirmed.
YOUNG, P.J., and GRADY, J., concur.
Copies mailed to:
Carley J. Ingram
Richard A. Nystrom
Hon. Dennis Langer